

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2008

# Sugihjanto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3268

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sugihjanto v. Atty Gen USA" (2008). *2008 Decisions.* Paper 652.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/652

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-3268 & 07-4271
_____

SATYA SUGIHJANTO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A96-257-949 )
Immigration Judge: Honorable Miriam Mills
_____

Submitted Under Third Circuit LAR 34.1(a)
August 13, 2008

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: August 14, 2008 )
_____

OPINION OF THE COURT
_____

PER CURIAM

Satya Sugihjanto, an Indonesian native and citizen, petitions for review of two

final orders of the Board of Immigration Appeals ("BIA") concerning the denial of

Sugihjanto's application for withholding of removal and relief under the Convention Against Torture ("CAT"). Before the Immigration Judge ("IJ"), Sugihjanto testified to several incidents of alleged persecution based on his Chinese heritage and his practice of Catholicism. The IJ found that Sugihjanto was ineligible for withholding of removal because the incidents he testified to did not constitute past persecution and because he failed to establish that he had a well-founded fear of future persecution. The IJ also found that Sugihjanto did not meet his burden of proof under the CAT. The BIA affirmed without opinion and dismissed the appeal. Sugijanto filed a motion for reconsideration which the BIA denied. Sugijanto timely filed petitions for review from both the original dismissal and the motion for reconsideration. The two petitions have been consolidated on appeal. See 8 U.S.C. § 1252(b)(6).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Where the BIA substantially adopts the findings of the IJ, we review the decisions of both the IJ and the BIA. He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review the IJ and BIA's findings under the substantial evidence standard. Yu v. Att'y Gen., 513 F.3d 346 (3d Cir. 2008). We review the denial of reconsideration for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).

To obtain withholding of removal, Sugihjanto bore the burden of establishing that his life or freedom would be threatened in Indonesia on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C.

2

§ 1231(b)(3)(A); <u>Romanishyn v. Attorney General</u>, 455 F.3d 175, 178 n.1 (3d Cir. 2006). Sugihjanto argues that he provided sufficient evidence of past persecution which, in addition to evidence of a pattern of persecution of Christians and ethnic Chinese in Indonesia, demonstrated that he would more likely than not be persecuted if he returned to Indonesia. As evidence of past persecution, Sugihjanto testified to seeing his siblings attacked when he was seven years old. As another example, Sugihjanto testified that he was robbed when he was thirteen years old and the perpetrators were not apprehended because he was Chinese. Finally, he testified that he was in an accident with a native Indonesian when he was seventeen. Sugihjanto claimed that after the accident, a crowd surrounded the scene of the accident and accosted him. Finally, Sugihjanto alleged that he was targeted and harassed by Indonesian Muslims several times during his childhood and that his family, many of whom still reside in Indonesia, continue to "experience mental pressures" because they live surrounded by native Indonesians.

We have endorsed the definition of persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." <u>Fatin v. INS</u>, 12 F.3d 1233, 1240 (3d Cir. 1993). Although Sugihjanto encountered some unfortunate incidents in his youth, those incidents were not of the severity necessary to constitute persecution. <u>See Lie v. Ashcroft</u>, 396 F.3d 530, 536 (3d Cir. 2005) (noting that random acts of robbery and assault resulting in minor injuries cannot be characterized as acts of persecution). Nor did Sugihjanto show that these

3

incidents were the result of governmental action or the government's inability to control its population. See id. at 537. Thus, we do not find that the evidence presented by Sugihjanto is "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

The IJ's conclusion that Sugihjanto failed to prove a well-founded fear of future persecution is also supported by substantial evidence. See Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 345 (3d Cir. 2008) (discussing standard for finding future persecution). As the IJ noted, Sugihjanto had family members who remained in Indonesia unharmed since his departure. We have held that "when family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished." Lie, 396 F.3d at 537. Sugihjanto also submitted multiple periodical articles, and the 2004 Country Report for Indonesia issued by the State Department, to bolster his claim. While the report contains accounts of anti-Chinese and anti-Christian sentiment in Indonesia, such racism and discrimination do not appear to rise to the level of systematic and pervasive persecution. See Chen v. Ashcroft, 381 F.3d 221, 233 (3d Cir. 2004).

We agree with the Government that Sugihjanto's CAT claim was not properly raised before the BIA and, therefore, we lack jurisdiction to entertain the claim. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (an alien is required to

raise and exhaust his remedies as to each claim or ground of relief if he is to preserve the right of judicial review of that claim). Even assuming, arguendo, that we have jurisdiction to review the IJ's CAT determination, Sugihjanto could not succeed on this ground because he has not shown that it is more likely than not that he would be tortured by the Indonesian government or that the government would acquiesce in any torture. See 8 C.F.R. § 208.16(c)(2); Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 65 (3d Cir. 2005).

Finally, the BIA did not abuse its discretion in denying the motion for reconsideration since Sugihjanto merely reiterated the same arguments he made in his BIA brief. See 8 C.F.R. § 1003.2(b) (a motion to reconsider must specify errors of law or fact in the BIA's prior decision). Further, Sugihjanto's argument that the BIA erred in affirming the IJ's decision without an opinion is clearly meritless. See Dia v. Ashcroft, 353 F.3d 228, 231 (3d Cir. 2003)(en banc)(upholding streamlining procedures promulgated by the Attorney General).

For the above-stated reasons, we will deny the petition for review.

5